IN THE SUPREME COURT OF THE STATE OF NEVADA

JOHNATHAN WILLIAMS,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF CLARK;
AND THE HONORABLE SANDRA L.
POMRENZE, DISTRICT JUDGE,
Respondents,
and
ASAKO YOSHIDA,
Real Party in Interest.

No. 71813

FILED

JAN 1 3 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER DENYING PETITION
## FOR WRIT OF MANDAMUS OR PROHIBITION

This is an original petition for a writ of mandamus or prohibition challenging a district court temporary child custody order.

Petitioner contends that the district court granted real party in interest's countermotion for primary physical custody without allowing petitioner an opportunity to file a response and based solely on petitioner's permanent change of station to Germany by the United States Air Force, contrary to the mandate of NRS 125C.0647 (providing that the court may not consider a parent's past or future deployment in itself to determine the child's best interest but may consider any significant impact the deployment may have on the child).

Having considered the petition and attached documentation, we conclude that petitioner has not demonstrated that our intervention by

17-01316

way of extraordinary writ relief is warranted. *See Pan v. Eighth Judicial Dist. Court*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004). The district court granted temporary physical custody of the child to real party in interest because the child had been living with her in Clark County and attending school there since August 2015, and the court determined that it was in the child's best interest to maintain that arrangement rather than accompany petitioner to Germany. Petitioner's suggestion that this custody change was permanent is contrary to the written order describing it as "temporary" and referring the parties to mediation with a return hearing date of January 17, 2017. Once the district court has the opportunity to fully address the custody issues and resolve the parties' motions, petitioner may appeal if still aggrieved. *See Pan*, 120 Nev. at 224, 88 P.3d at 841 (explaining that an appeal is generally an adequate legal remedy precluding writ relief); *see also* NRAP 3A(b)(7) (allowing an appeal from an order finally altering child custody). Finally, while petitioner's allegations respecting lack of notice are of concern to this court, the hearing in the district court is imminent and petitioner has not otherwise demonstrated in his petition that we should intervene at this time.[1] Based on the limited documentation provided by petitioner, we

---

[1] We note that petitioner did not file an appendix required by NRAP 21(a)(4) that contains parts of the record essential to understand matters set forth in the petition, such as the divorce decree and the parties' motions, and instead only attached as exhibits to the petition the district court's minutes and order. *See Pan*, 120 Nev. at 228-29, 88 P.3d at 844. We further note that petitioner's certificate of service does not indicate the petition was served on the respondent district court judge as required by

*continued on next page . . .*

SUPREME COURT
OF
NEVADA

(O) 1947A

cannot determine the exact nature of the existing custody arrangement and whether this matter involves a deployment situation or a relocation that would require prior approval. *See generally* NRS 125C.006. Accordingly, we decline to intervene in this matter, *see Smith v. Eighth Judicial District Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991) (providing that issuance of extraordinary writ relief is purely discretionary with this court), and we therefore

ORDER the petition DENIED.[2]

_____, J.
Douglas

_____, J.
Gibbons

_____, J.
Pickering

cc:  Hon. Sandra L. Pomrenze, District Judge, Family Court Division
     G Law
     Andrade Law, LLC
     Eighth District Court Clerk

---

*. . . continued*

NRAP 21(a)(1), and petitioner did not file the required verification with the petition under NRAP 21(a)(5).

[2]In light of this order, we deny as moot petitioner's December 30, 2016, motion for an extension of time.